IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

OMNI HEALTH AND FITNESS          :
OF MOBILE, LLC,                  :
                                 :
      Plaintiff,                 :
                                 :
VS.                              : CIVIL ACTION NO. 12-00407-CG-B
                                 :
HOYT STEPHENSON, *et al.*,       :
                                 :
      Defendants.                :

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant Hoyt Stephenson's Motion to Realign the Parties (Doc. 3), Plaintiff Omni Health and Fitness of Mobile LLC's Motion to Remand (Doc. 30), Defendant Hoyt Stephenson's Motion to Strike (Doc. 26), and Plaintiff Omni Health and Fitness of Mobile's Motion to Strike (Doc. 59).  The motions, which have all been fully briefed and are ripe for resolution, have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1).

Upon consideration of all matters presented, the undersigned RECOMMENDS, for the reasons stated herein, that Defendant Stephenson's Motion to Realign the Parties (Doc. 3) be DENIED, that Plaintiffs' Motion to Remand (Doc. 30) be GRANTED, and that this action be REMANDED to the Circuit Court of Mobile County, Alabama.  The undersigned further RECOMMENDS that Defendant Stephenson's Motion to Strike (Doc. 26) be DENIED and that

Plaintiff's Motion to Strike (Doc. 59) be DENIED.

I.   **Motions to Strike**

On July 12, 2012, Defendant Hoyt Stephenson filed a Motion to Strike an exhibit attached to Plaintiff Omni Health and Fitness of Mobile, LLC's response in opposition to Defendant Stephenson's Motion to Realign the Parties. The exhibit is a letter from Defendant Stephenson's attorney to Plaintiff's attorney in a separate case that was filed by Olde South Investment Group ("Olde South") against Omni Health and Fitness of Mobile, LLC in the Circuit Court of Mobile County, Alabama. (Doc. 26; Doc. 19, att. 16). Defendant Stephenson claims that the letter contains statements made during settlement negotiations in the other case, and as such, the letter is inadmissible in the present action under the Alabama and Federal Rules of Evidence. (Doc. 26 at 1).

On September 25, 2012, Plaintiff Omni Health and Fitness of Mobile, LLC ("Plaintiff Omni" )filed a Motion to Strike Defendant Stephenson's "Declaration," which was attached as an exhibit to Stephenson's response in opposition to Plaintiff's Motion to Remand. (Doc. 59; Doc. 60; Doc. 39, att. 2). Plaintiff likewise claims that statements made in the Declaration are inadmissible under the Federal Rules of Evidence. (Doc. 60 at 2).

Motions to strike are ordinarily governed by Federal Rule of Civil Procedure 12(f), which provides that "[t]he court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Emphasis

added).   As used in the Federal Rules of Civil Procedure, the word "pleading" is a term of art that is limited to "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."   Fed. R. Civ. P. 7(a); see also Mann v. Darden, 2009 U.S. Dist. LEXIS 63044, at *1-2 (M.D. Ala. July 6, 2009)("Only material included in a 'pleading' may be [the] subject of a motion to strike.... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.") (citations omitted); Polite v. Dougherty County Sch. Sys., 314 Fed. Appx. 180, 184 n.7 (11th Cir. 2008) ("[M]otions to strike are only appropriately addressed towards matters contained in the pleadings; here, the affidavit was submitted as part of the motion for summary judgment, which is not a pleading."). Because the documents which Defendant Stephenson and Plaintiff Omni seek to have stricken in their respective motions to strike (Docs. 26, 59) are not pleadings, both motions should be DENIED.

## II. Motion to Remand and Motion to Realign

### A. Background Facts

Plaintiff Omni commenced this action in the Circuit Court of Mobile County, Alabama on March 23, 2012, against Defendants Hoyt Stephenson, River Enterprises, LLC ("River"), Just Fitness 4U, LLC ("Just Fitness"), Richard Curry, William Smith, National Financial Systems Management, Inc. ("NFSM"), and various

fictitious defendants.   (Doc. 1, att. 1).   In Count One of the Complaint, Plaintiff Omni seeks a declaratory judgment against all of the defendants with regard to two promissory notes that it executed in favor of Defendants Curry and NFSM.   (Id. at ¶ 35). Specifically, Omni alleges that it executed two promissory notes in July, 2006, payable to its member Curry in the amount of $254,456 ("the Curry note") and to its member NFSM in the amount of $500,000 ("the NFSM Note") for construction of Omni's facility and for working capital for Omni.   (Doc. 1, att. 1 at ¶ 15). Plaintiff further alleges that Defendant Curry executed a partial assignment of his promissory note to NFSM, but NFSM has not assigned any of its interests in either of the notes to anyone. (Id. at ¶¶ 16-17, 22).   According to Plaintiff, Defendant Stephenson asserts that he is the owner, member and manager of Defendant River, that Defendant River is a member of Omni, that Defendant River is the assignee and holder in due course of both the Curry and NFSM notes, and that Defendants River and Stephenson have demanded that Omni pay River the money owed under the notes.[1]   (Id. at ¶¶ 20-21). Plaintiff seeks a declaratory judgment against all of the defendants to determine, among other things, the identity of the lawful holders of the notes and the terms of the notes.   (Id. at ¶ 35).

---

[1] In the Notice of Removal, Defendant Stephenson claims that River is an LLC with two members, Stephenson and Kim Smith. (Doc. 1 at 4).   According to the Complaint, NFSM claims that River is a wholly owned asset of NFSM.   (Doc. 1, att. 1 at ¶ 19).

In Counts Two through Four of the Complaint, Plaintiff alleges that Stephenson, River, and Just Fitness (the "Stephenson Defendants") unlawfully and fraudulently usurped control of Omni's operations and accounts and diverted substantial sums of Omni's funds from its bank accounts to entities owned by the Stephenson Defendants.  (Doc. 1, att. 1, ¶¶ 33-34).  Plaintiff seeks compensatory and punitive damages from the Stephenson Defendants for conversion (Count 2), interference with business and contractual relations (Count 3), and conspiracy (Count 4). (Id. at ¶¶ 36-43).

On June 18, 2012, Defendant Stephenson filed a Notice of Removal under 28 U.S.C. §§ 1441 and 1446 on the basis of diversity jurisdiction.[2]  (Doc. 1).  The Notice of Removal was accompanied by Defendant Stephenson's Motion to Realign the Parties. (Doc. 3)  In the motion, Defendant Stephenson asserts that Defendants Richard Curry and NFSM should be realigned with Plaintiff in order to "establish[] diversity."[3]  According to Defendant Stephenson, Defendants Curry and NFSM's interests are more akin to Plaintiff's because neither Curry nor NFSM have made a demand for payment on the notes.  (Doc. 3 at 2, 5).

---

[2] On that same date, Defendants River and Just Fitness joined in Defendant Stephenson's Notice of Removal.  (Doc. 2).

[3] In the Motion to Realign the Parties, Defendant Stephenson states: "The Court is fully authorized when a case is removed based on diversity jurisdiction, to realign the parties when doing so establishes that diversity."  (Doc. 3 at 2).

On July 5, 2012, Plaintiff filed a response opposing Defendant Stephenson's Motion to Realign the Parties. In opposing the motion, Plaintiff argues that as set forth in its declaratory judgment action, its interests are wholly adverse to the interests of Defendants Curry and NFSM given that Omni is the sole "maker" on the disputed promissory notes, and Curry and NFSM are the "payees" and "claimed holders of the notes." (Doc. 19 at 3-4, 22). Plaintiff contends that because Defendants Stephenson and River are "claimed holders of the notes" who also assert entitlement to payments under the notes, a declaratory judgment action against all of the defendants is necessary so that Omni does not face multiple liabilities on both notes. (Id. at 3-4, 26). Thus, Plaintiff argues that Defendants Curry and NFSM are properly aligned with the other alleged holders of the notes (Defendants Stephenson and River) and should not be realigned as plaintiffs. (Id.).

On July 18, 2012, Plaintiff filed the instant Motion to Remand this action to state court. (Doc. 30). Plaintiff alleges that federal jurisdiction is lacking, and that Defendant Stephenson, who filed the Notice of Removal, has not met his burden of establishing diversity jurisdiction. Thus, this action should be remanded. (Id. at 9-19). In light of these motions, the Court turns to the question of jurisdiction.

6

B. **Analysis**

A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must establish the existence of federal jurisdiction.  See Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005) ("[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.") (citation omitted).  Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand.  See University of S. Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).  "[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."  Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001).

As noted supra, this action was removed by Defendant Stephenson pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis of diversity of citizenship under 28 U.S.C. § 1332.  Title 28 U.S.C. § 1441(a) provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the

> district and division embracing the place where
> such action is pending.

28 U.S.C. § 1441(a). Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332(a).

The undersigned observes that in the instant action, at least three of the parties are limited liability companies. Under the law in this circuit, a limited liability company is a citizen of any state of which any member entity is a citizen. See Rolling Greens N.H.P., L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, for purposes of diversity jurisdiction, the limited liability company takes on the citizenship of its members.

There is considerable dispute among the parties regarding the actual membership of the limited liability companies in this action. However, there is no dispute that absent realignment, diversity of citizenship does not exist, and this Court is without jurisdiction.[4] (Doc. 3 at 2; Doc. 1 at 8; Doc. 19 at 3).

---

[4] In the Notice of Removal, Defendant Stephenson acknowledges that NFSM's presence as a defendant defeats diversity unless NFSM is realigned as a plaintiff. (Doc. 1 at 8). Specifically, Stephenson states: "Defendant National Financial Systems Management, Inc. ('NFSM') is a member of plaintiff Omni Health [and] [n]ormally, this fact would prevent
(Continued)

In his Notice of Removal, Defendant Stephenson alleges the citizenship of the parties as follows: Defendant Stephenson is a citizen of Wyoming.  (Doc. 1 at 4).  Defendant River is an LLC and is a citizen of Wyoming (by virtue of its member Stephenson) and California (by virtue of its member Kim Smith).  (Id.).  Defendant Just Fitness is an LLC and is a citizen of Wyoming and California (by virtue of its sole member River).  (Id.).  Defendant Curry is a citizen of Georgia.  (Id.).  Defendant William Smith is a citizen of Georgia.[5]  (Id.).  Defendant NFSM is a corporation organized under the laws of Utah; thus, it is a citizen of Utah.  (Id. at 5).  Plaintiff Omni is a citizen of

---

*removal* because there is normally no diversity jurisdiction over a suit by an LLC against one of its members."  (Id.)(emphasis added).  In addition, as discussed herein, the dual Georgia citizenship of Plaintiff Omni and Defendant Curry also defeats diversity unless Curry is realigned as a plaintiff.  Thus, without realignment, Stephenson unquestionably fails to meet his burden of showing complete diversity.

[5] At the time of the filing of the Notice of Removal, William Smith was a nominal defendant in this action; thus, the parties agreed that his citizenship as a defendant could be ignored except that, as a member of Omni, his citizenship would be considered for purposes of determining Omni's citizenship. Following recent amendments to Plaintiff's Complaint, Smith's nominal status appears to have changed.  (Doc. 54).  Be that as it may, because the Court finds that this case lacks complete diversity without regard to Smith, the Court need not consider whether Defendant Smith's change in status from a "nominal" defendant to a substantive defendant post-removal destroys diversity.

three states: Georgia[6] (by virtue of its member William Smith), Utah (by virtue of its member NFSM), and South Carolina (by virtue of its member Olde South[7] (Doc. 1 at 4-5).

Essentially, Plaintiff Omni is a citizen of Georgia, Utah, and South Carolina, and it stands opposed to Defendants who are citizens of Georgia, Utah, Wyoming, and California.  Therefore, based solely on Defendant Stephenson's allegations in his Notice of Removal,[8] complete diversity is lacking unless the Court realigns the parties as requested by Defendant Stephenson.  See American Tobacco Co., 168 F.3d at 412 ("Where jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants."); Johnson v. Armitage, 2011 U.S. Dist. LEXIS 51367, *12 (N.D. Ohio May 13, 2011) ("As a consequence of this rule that an LLC assumes its members'

---

[6] Although Curry was once a member of Omni, he was no longer a member at the time of the filing of the Notice of Removal. (Doc. 63 at 2; Doc. 19 at 28; Doc. 19, att. 3 at 3).  Therefore, Omni does not derive its Georgia citizenship from Curry but, rather, from Defendant Smith.

[7] Olde South is an LLC with one member, Robert Burch, who is a citizen of South Carolina. Thus, Olde South is a citizen of South Carolina.

[8] As discussed above, the Court recognizes that Plaintiff Omni disputes many of Stephenson's allegations of citizenship with respect to Omni and the other parties to this litigation. However, for purposes of the Court's analysis of the instant motions, even assuming Stephenson's allegations as true, he still fails to establish complete diversity.

citizenship, when an LLC participates in a suit as a party opposed to one or more of its members, diversity of citizenship is destroyed.").

In his Motion to Realign the Parties, Defendant Stephenson argues that the interests of Defendants Curry and NFSM "are fully aligned with plaintiff Omni Health's" and, thus, "they should be realigned as plaintiffs" because neither Curry nor NFSM has demanded payment on the notes (Doc. 3 at 1, 5). Omni responds that, as the "maker/obligor" of the two promissory notes at issue, its interests are completely adverse to the interests of Curry and NFSM who are the "payees" on the notes and "claimed holders of the notes" (along with Defendants Stephenson and River). Thus, Curry and NFSM should not be realigned as plaintiffs. (Doc. 19 at 3-4).

In <u>City of Vestavia Hills v. General Fidelity Ins. Co.</u>, 676 F.3d 1310 (11th Cir. 2012), the Eleventh Circuit stated:

> Weighing the propriety of the district court's decision to realign the parties and deny Vestavia Hills's motion to remand requires us to consider two different interests. On the one hand, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted). On the other hand, there exists also a strong federal

> preference to align the parties in line with
> their interests in the litigation.

Id., 676 F.3d at 1313 (footnote omitted).  The Court further stated: "it is the 'duty . . . of the lower federal courts[ ] to look beyond the pleadings and arrange the parties according to their sides in the dispute'. . . as determined by 'the principal purpose of the suit' and 'the primary and controlling matter in dispute.'"   Id. at 1313-14 (citations omitted) (affirming realignment in the context of an insurance coverage dispute where the plaintiff judgment creditor and the defendant judgment debtor both had one "identical" interest, namely forcing the defendant insurer to provide insurance coverage and pay the judgment).

As noted above, in Count One of the Complaint, Omni alleges that it executed the two promissory notes to Defendants Curry and NFSM for construction of Omni's facility and for working capital for Omni, that while Curry may have executed a partial assignment of his note to NFSM, NFSM claims that it has not assigned its interests in the notes to any of the Stephenson Defendants, and that both Curry and NFSM are claiming to be the lawful holders of Omni's two promissory notes. (Doc. 1, att. 1 at ¶¶ 15-17)  In contrast, Defendants Stephenson and River claim that River is the holder of the notes, that the notes (in whole or in part) were transferred to River by NFSM and were amended

12

to provide for substantial increases in the interest rates, and that Omni must pay them all monies owed thereunder.[9] (Id. at ¶¶ 18-22, 24-25). . (Doc. 1, att. 1 at ¶15). Omni seeks, among other things, to have the true and lawful owners and/or holders of the notes identified and the parties' rights, obligations, and duties thereunder defined and declared. (Id. at ¶¶ 30, 35). According to Omni, absent the requested declaration, it faces the risk that any of these defendants (Stephenson, River, Curry, or NFSM) could demand payment under the notes, and it risks "pay[ing] the wrong party." (Doc. 19 at 26-27).

Having considered all of the parties' interests in this dispute, the Court finds that the parties are properly aligned. First of all, the fact that neither Curry nor NFSM has made a demand on Plaintiff for payment on the notes does not mean that their interests are the same as Plaintiff's interests given that as alleged note holders, they are entitled to demand full payment under the notes, even if they have not done so to date.

---

[9] In a Declaration attached to the Stephenson Defendants' Response to the Motion to Remand, Defendant Stephenson states that NFSM transferred to him "its interest in Omni and the two promissory notes ($254,456 and $500,000 respectively. . . ." (Doc. 39, att. 2 at 9). Similarly, in his latest filing (Doc. 63), Defendant Stephenson states: "[N]either [Stephenson nor River] claims to be a member of Omni Health, though directly or derivatively each may have acquired, through dealings with NFSM, all or part of NFSM's interests in Omni." (Doc. 63 at 2) (emphasis in original).

Further, assuming arguendo that Plaintiff Omni and Defendants Curry and NFSM share the common goal of defeating the Stephenson Defendants' claim to the two promissory notes, their interests and motivations are completely different. Omni seeks to deny the Stephenson Defendants any interest in the promissory notes because the Stephenson Defendants are allegedly seeking to drastically increase Omni's obligations under the notes by imposing usurious interest rates and other onerous and unreasonable demands on Omni. (Doc. 1, att. 1 at ¶¶ 18-29). Curry and NSFM, on the other hand, presumably oppose the Stephenson Defendants' claims to the notes because they seek to have themselves declared as the lawful holders of the notes so that they, as opposed to the Stephenson Defendants, can collect the money that is actually due under the notes.

Clearly, the interests of Defendants Curry, NSFM, and the Stephenson Defendants are significantly aligned with one another, if not identical, insofar as the promissory notes are concerned. In contrast, as the maker on the two promissory notes, Omni is adverse to whomever holds the notes, whether it be the Stephenson Defendants or Defendants Curry and NFSM. Indeed, it is readily apparent from the Complaint that Omni seeks to have its rights and obligations under the promissory notes declared as to each of these adversaries. Accordingly, the Court concludes that realignment of Defendants Curry and

14

NFSM as plaintiffs is not appropriate under the circumstances of this case. Thus, Defendants' Motion to Realign the Parties is due to be denied.

As noted supra, in the absence of realignment of the parties, this case lacks complete diversity. Therefore, based on the foregoing, Plaintiff's Motion to Remand is due to be granted.[10]

## III. Conclusion

For the reasons discussed herein, the undersigned RECOMMENDS that Defendants' Motion to Realign the Parties (Doc. 3) be DENIED, that Plaintiff's Motion to Remand (Doc. 30) be GRANTED, and that this action be REMANDED to the Circuit Court of Mobile County, Alabama. The undersigned further RECOMMENDS that Defendant Stephenson's Motion to Strike (Doc. 26), and Plaintiff Omni's Motion to Strike (Doc. 59), be DENIED.

---

[10] This case is due to be remanded for another reason as well. The record reflects, and the parties do not dispute, that Defendants Curry and NFSM were properly served in this case. (Doc. 1, att. 1 at 22, 27). Yet, Defendant Stephenson readily admits that these defendants have not joined in the Notice of Removal as required by 28 U.S.C. § 1446. Defendant Stephenson's only explanation for this apparent deficiency in his Notice of Removal is that it is not necessary that these defendants join in the Notice of Removal because "they should be realigned as plaintiffs." (Doc. 63 at 6). Having found that realignment is not warranted in this case, however, this deficiency requires remand. See 28 U.S.C. § 1446.

The attached sheet contains important information regarding objections to this recommendation.

DONE this **17th** day of **October, 2012.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[11] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the

---

[11]   Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.